# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASBEL ABIDAN PEREZ VASQUEZ, | Case No. 1:26-cv-02873-JLT-EPG-HC |
| Petitioners, | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER |
| v. | |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, | |
| Respondent. | |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends that the petition for writ of habeas corpus be granted and ordering Petitioner's immediate release.

**I.**

**BACKGROUND**

Petitioner is a citizen of Guatemala who entered the United States on or about September 2022. Petitioner has a pending application for asylum and withholding of removal. (ECF No. 1 at 4.[1]) On January 6, 2026, Petitioner was a passenger in a vehicle when he was stopped and apprehended by U.S. Immigration and Customs Enforcement ("ICE") agents. (Id. at 5.)

On April 16, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On April 16, 2026, the assigned district

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

judge denied the motion for TRO as untimely. (ECF No. 5.) On April 17, 2026, Respondents filed a response. (ECF No. 6.) On April 23, 2026, the undersigned ordered supplemental briefing. (ECF No. 7.) On May 5, 2026, Petitioner filed a supplemental brief. (ECF No. 8.) On May 6, 2026, Respondents indicated that they "are electing to submit without any supporting documents." (ECF No. 9.)

## II.

## DISCUSSION

### A. Statutory Basis of Petitioner's Detention

Respondents argue that Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)" and "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." (ECF No. 6 at 1, 2.) "The various legal arguments relied upon by Respondents to support this assertion [that Petitioner's detention is mandatory under 1225(b) while his removal proceedings are pending] have been rejected by this Court in other proceedings." J.E.H.G. v. Chestnut, No. 1:25-cv-01673-JLT SKO, 2025 WL 3523108, at *9 (E.D. Cal. Dec. 9, 2025). See Valencia v. Chestnut, No. 1:25-cv-01550 WBS JDP, 2025 WL 3205133, at *2 (E.D. Cal. Nov. 17, 2025) (noting that "[h]ere in the Eastern District of California, recent decisions have largely rejected the government's interpretation of Section 1225(b)(2) as applicable to all 'applicants for admission,'" recognizing "[o]ther district courts have also reached the result that Section 1226(a), not Section 1225(b)(2), provides the appropriate framework for noncitizens already residing in the United States," and collecting cases).

This Court will follow the majority approach in finding that "Respondents' proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." Sharan S. v. Chestnut, No. 1:25-cv-01427-KES-SKO (HC), 2025 WL 3167826, at *5 (E.D. Cal. Nov. 12, 2025).

\\\

Based on the foregoing, the undersigned recommends finding that the statutory basis of Petitioner's detention is 8 U.S.C. § 1226(a), which provides for release on bond or conditional parole, and thus, Petitioner is entitled to habeas relief on Count One.[2]

### B. Appropriate Remedy

Petitioner requests immediate release, or in the alternative, a bond hearing before an immigration judge where the government must provide that continued detention is necessary by clear and convincing evidence. (ECF No. 1 at 10.) This Court has previously found that if a petitioner "has never been subject to a formal evaluation by any immigration authority as to his danger to the community and/or flight risk, the appropriate remedy here is a custody hearing under 8 U.S.C. § 1226(a)." Cristian G. G. S. v. Bondi, No. 1:26-CV-01408 JLT SKO (HC), 2026 WL 788102, at *1 (E.D. Cal. Mar. 20, 2026). Here, it is unclear if Petitioner has ever been subject to a formal evaluation by any immigration authority as to his danger to the community and/or flight risk. In the opposition to the petition, Respondents reference "Petitioner's prior release in the discretion of DHS," (ECF No. 6 at 2), and when given the opportunity to clarify and provide documentation regarding said release, Respondents informed the Court:

> Respondent[s] are electing to submit without any supporting documents, resting on the legal theory that Petitioner is in a category of individuals who are subject to mandatory detention because of the manner in which they entered the United States. Respondents understand that a consequence of failing to submit supplemental briefing or documentation in this or in any other case in which the government files such a form brief may be that the Court orders immediate release, just as the Court has done in other similar cases. Respondents accept that likelihood and do not seek to submit additional argument or documentation in this case.

(ECF No. 9 at 1.) See Garcia v. Chesnut, No. 1:25-cv-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025) (finding petitioner who was previously released from immigration custody and re-detained had a protected liberty interest in continued release and was entitled to immediate release and pre-deprivation hearing).

\\\

---

[2] In light of this conclusion, the Court declines to address Petitioner's other claims.

Additionally, the petition indicates that Petitioner has a pending application for asylum, and it is unclear whether the asylum application was filed before Petitioner was detained on January 6, 2026. See E.E.O.H. v. Noem, No. 1:26-cv-01266-JLT-SAB-HC, 2026 WL 850363, at *5 (E.D. Cal. Mar. 26, 2026) (finding petitioner had a protected liberty interest in his continued freedom and was entitled to immediate release after entering without inspection in 2021 and filing an I-589 application for asylum in 2023 before being detained in 2025), report and recommendation adopted, 2026 WL 967670 (E.D. Cal. Apr. 9, 2026); Kharitonova v. Albarran, No. 3:26-cv-01362-JSC, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026). Further, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)," and there is no evidence in the record that Petitioner was arrested pursuant to a warrant. Chogllo Chafla v. Scott, 804 F. Supp. 3d 247, 264 (D. Me. 2025). See also J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025).

Accordingly, based on the specific facts of this case, and given that Respondents declined to submit supplemental briefing or documentation regarding any prior release with the understanding that a consequence "may be that the Court orders immediate release, just as the Court has done in other similar cases," (ECF No. 9 at 1), the undersigned recommends that the Court grant Petitioner's request for immediate release.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on Count One;

2. Respondents be directed to immediately release Petitioner; and

3. Respondents be enjoined and restrained from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven (7) days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 8, 2026**                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE