**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASBEL ABIDAN PEREZ VASQUEZ, | No. 1:26-cv-02873-JLT-EPG (HC) |
| Petitioner, | A-Number: 240-159-801 |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO SERVE CALIFORNIA CITY DETENTION FACILITY WITH COPY OF ORDER AND CLOSE CASE |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al., | |
| Respondents. | |
| | (Docs. 1, 11) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 8, 2026, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted on Count One and Respondents be directed to immediately release Petitioner. (Doc. 11.) The Court served the findings and recommendations on the parties, notified them that any objections were due in 14 days, and warned "that failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* at 5 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th

1

Cir. 2014)).) To date, no objections have been filed, and the time for doing so has passed.

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes the findings and recommendations are supported by the record and proper analysis. Notably, though the Petition did not clearly indicate whether Petitioner was encountered by immigration authorities upon entering the United States, Respondents' own brief suggested that Petitioner was previously released from detention. (Doc. 6 at 2; *see also* Doc. 11 at 3.) Yet when the magistrate judge offered Respondents an opportunity to clarify, they declined to do so and acknowledged that as a result the Court would likely order immediate release. (Doc. 11 at 3; *see also* Doc. 9 at 1.) Thus, the Court **ORDERS**:

1. The findings and recommendations issued on May 8, 2026 (Doc. 11) are **ADOPTED IN FULL**.

2. The petition for writ of habeas corpus is **GRANTED** on Count One.

3. Respondents are directed to **IMMEDIATELY RELEASE** Petitioner.

4. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[1]

5. The Clerk of Court **SHALL** serve a copy of this Order to the California City Detention Facility and then **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **May 29, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.